UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN WALDEN,

    Petitioner,

v.                                        Case No. 2:07-cv-244
                                          HON. ROBERT HOLMES BELL

ROBERT KAPTURE,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

        Petitioner Kevin Walden filed this petition for writ of habeas corpus challenging the validity of his state court convictions on two counts of armed robbery, MCL § 750.529, and two counts of felony firearm, MCL § 750.227b. Petitioner was convicted after a jury trial on June 12, 2002, and was sentenced on July 9, 2002, to concurrent 18 to 30 year prison terms for the armed robbery convictions and two sentences of two years each for the felony firearm convictions to be served consecutively to the armed robbery sentence. Petitioner appealed his convictions to the Michigan Court of Appeals, which affirmed his convictions on October 7, 2004. Petitioner's application for leave to appeal his convictions to the Michigan Supreme Court was denied on June 28, 2005. Petitioner then filed a motion for relief from judgment in the trial court, pursuant to Michigan Court Rules (MCR) 6.500 et seq., which was denied on September 20, 2006. Petitioner appealed that denial to the Michigan Court of Appeals, which denied his application on June 12, 2007. Petitioner's final appeal to the Michigan Supreme Court was denied on November 29, 2007.

Petitioner filed this application for habeas corpus relief on December 4, 2007, and has raised seven issues in his petition:

    I.     Petitioner was denied the effective assistance of counsel where his attorney failed to move to suppress the pre-trial identification of the petitioner by the victim on the grounds that the identification procedure was improper.

    II.    The trial court's jury instruction regarding the felony firearm charges was improper.

    III.   Petitioner was denied effective assistance of counsel on appeal when appellate counsel failed to notify petitioner of the Michigan Court of Appeals decision to deny petitioner a *Ginther* hearing, or to timely object to that decision.

    IV.   Petitioner was denied his constitutional rights without a waiver when he was arrested and placed in a highly suggestive corporeal line-up without notice or counsel; complainant's mistaken identification of petitioner from that line-up constituted "poisonous fruit" for the prosecution when subjecting petitioner to criminal prosecution.

    V.    Petitioner was denied his constitutional rights when the trial court improperly instructed jurors to ignore portions of defense counsel's closing arguments, which interfered with petitioner's due process right to a fair trial.

    VI.   Petitioner was denied his constitutional right to due process and effective assistance of counsel by several errors by the trial court and his counsel, which interfered with the effectiveness of counsel's representation of petitioner at trial.

    VII.  Petitioner is unconstitutionally restrained of his liberty, because he is actually innocent of the offenses underlying his convictions and imprisonment.

Petitioner maintains that his convictions were obtained in violation of his federal rights. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably

applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

In order to prevail on his first habeas claim of ineffective assistance of counsel, petitioner must show that counsel's errors were so serious that he was not functioning as counsel guaranteed by the Sixth Amendment, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Wong v. Money*, 142

F.3d 313, 319 (6th Cir. 1998); *Bruner v. Perini*, 875 F.2d 531, 535 (6th Cir.), *cert. denied*, 493 U.S. 938,(1989) (*citing Strickland v. Washington*, 466 U.S. 668, 688-96 (1984)).

There has been ineffective assistance of counsel where an attorney's performance is so deficient as to prejudice the defense and render the trial unfair and the result unreliable. *Wong*, 142 F.3d at 319; *Austin v. Bell*, 126 F.3d 843, 847 (6th Cir. 1997), *cert. denied*, 118 S. Ct. 1547 (1998). Even if a court determines that counsel's performance was outside the wide range of professionally competent assistance, the petitioner is not entitled to relief if his counsel's error had no effect on the judgment. *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999). Rather, a petitioner must show that the probability that the outcome of the case would have been different but for counsel's unprofessional errors is sufficient to undermine confidence in the result. *Wong*, 142 F.3d at 319; *Austin*, 126 F.2d at 848. "The performance and prejudice components of the *Strickland* test are mixed questions of law and fact." *Austin*, 126 F.2d at 848.

The court's review of defense counsel's performance is highly deferential, and defense counsel is presumed to have rendered adequate assistance by exercising reasonable professional judgment and sound trial strategy. *Wong*, 142 F.3d at 319; *Austin*, 126 F.3d at 848. The petitioner must overcome the presumption that, under the circumstances, the challenged actions might be considered sound trial strategy. *Strickland*, 466 U.S. at 689; *Tucker v. Prelesnik*, 181 F.3d 747, 754 (6th Cir. 1999).

Petitioner argues that trial counsel's failure to make a motion to suppress the pretrial identification of the petitioner by the alleged victim amounted to ineffective assistance of counsel, and that he was therefore deprived of his constitutional rights. Petitioner argues that the pretrial identification procedure was tainted and improper because only one other person in the lineup other

than petitioner had braids, and petitioner was the oldest person in the lineup. The Michigan Court of Appeals rejected petitioner's argument, noting that the record did not support petitioner's claim that the lineup was improperly suggestive, and that counsel's failure to bring a futile motion to suppress did not fall below an objective standard of reasonable behavior. Because the state courts did not unreasonably apply federal law in deciding this issue, petitioner's first claim should be denied.

Petitioner's second claim that the jury instruction given by the trial court for the felony firearm charge was improper is not a matter for habeas review, and was procedurally defaulted in state court. Petitioner challenges the jury instruction on the basis that the instruction did not define the term "firearm." However, petitioner did not raise any objections to the jury instruction regarding the felony firearm offense at trial. The Michigan Court of Appeals held that because the petitioner did not raise any objections to this jury instruction at trial, he waived that issue on appeal, thus procedurally defaulting in state court on that claim.

When a state-law default prevents further state consideration of a federal issue, the federal courts are ordinarily precluded from considering that issue on habeas corpus review. *See Ylst v. Nunemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982). The Sixth Circuit applies a four-part test to determine whether a claim is procedurally defaulted: (1) the court must first determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule; (2) the court must decide whether the state courts actually enforced the state procedural rule; (3) the default must be an "independent and adequate" state ground on which the state can rely to foreclose review of a federal constitutional claim; and (4) if the foregoing are met, the petitioner must demonstrate cause for his failure to follow the rule and that

he was actually prejudiced by the alleged constitutional error. *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001) (citing *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001). Petitioner has failed to demonstrate cause for his procedural default, and he is not prejudiced by the procedural default because he did not claim at any point during the trial or in his appeals that the weapon he possessed did not meet the definition of a firearm under Michigan law. Petitioner's second claim should be denied.

Petitioner bases his third claim for relief on counsel's failure to notify him of the Michigan Court of Appeals' decision to deny him a *Ginter* hearing and to timely object to that decision, which amounted to ineffective assistance of counsel. Petitioner contends that his appellate counsel's actions fell below the objective standard of representation required under *Strickland*. Petitioner claims that this failure prejudiced him, because he would have been able to successfully appeal the Michigan Court of Appeals ruling on the issue if he had had sufficient time to meet the deadline to file the appeal. However, the petitioner's claim was not sufficiently exhausted in the state courts, thus preventing this Court from ruling on his claim. The record shows that the petitioner only raised this particular issue in state court when he included it in his petition to the Michigan Supreme Court for direct review of his claims. They declined to review petitioner's claim.

Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. 1995);

*accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed. Accordingly, petitioner's third claim for relief should be denied.

Petitioner's fourth, fifth and sixth claims for relief are not cognizable by this Court because they were procedurally defaulted in state court. As stated above, federal courts are generally precluded from habeas review of claims that were defaulted in the state court system. To overcome this rule, the petitioner must make a showing of both cause for the procedural default, and prejudice suffered as a result of the default. With respect to habeas issues IV, V and VI, the petitioner has not made a showing of cause for why he defaulted on his claims, and he also has failed to show that the default has prejudiced him. These claims were only presented for review by the Michigan Supreme Court on a motion for relief from judgment. Michigan Court Rule (MCR) 6.508(D) establishes a procedural bar against such claims if they could have been raised in an earlier appeal of right from the conviction and were not raised. The Sixth Circuit has held that MCR 6.508(D) is a sufficient procedural bar to foreclose claims from habeas review. *Howard v. Bouchard*, 405 F.3d 459, 477 (6th Cir. 2005) (holding that MCR 6.508(D) met four prong procedural bar test when applied to habeas petitioner who could have brought claims for relief in an earlier appeal but failed to).

MCR 6.508(D) states:

(D) Entitlement to Relief. The defendant has the burden of establishing entitlement to the relief requested. The court may not grant relief to the defendant if the motion:

\* \* \*

> (3) alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion, and
>
> (b) actual prejudice from the alleged irregularities that support the claim for relief.

Because petitioner initially raised claims IV, V and VI in a discretionary appeal to the Michigan Supreme Court when he could have raised them in his initial appeal from the conviction to the Michigan Court of Appeals, his appeal did not conform with MCR 6.508(D) and the claims were procedurally defaulted at the state level. It is clear from the record that no cause existed for this default, and that the petitioner is not prejudiced by the default because the issues he alleges are not violations of his federal constitutional rights. Petitioner's fourth, fifth and sixth claims for relief should be dismissed.

For his seventh claim for relief, petitioner asserts that he is actually innocent of the offenses he was convicted of, and that he is unconstitutionally restrained of his liberty as a result. Petitioner bases this claim on arguments that his arrest was improper and that there were errors made by the trial court. The petitioner does not offer any evidence that was not already part of the record at trial. The Supreme Court has definitively established the showing necessary to make out a case of "actual innocence." In *Schlup v. Delo*, 513 U.S. 298 (1995), the Court set forth the standard by which such claims must be judged:

> To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eye witness accounts, or critical physical evidence -- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324. Given the rarity of such evidence, the allegation of actual innocence has been summarily rejected in virtually every case. *Calderon v. Thompson*, 523 U.S. 538, 559 (1998). The court must determine whether petitioner has demonstrated actual innocence by clear and convincing evidence, such that his conviction represents a "fundamental miscarriage of justice." *See Sawyer v. Whitley,* 505 U.S. 333, 339 (1992). Petitioner does not attempt to introduce new evidence that would tend to show his innocence, but merely relies on challenges to the validity of his arrest and subsequent trial and conviction that were already addressed in prior appellate court proceedings, or above in this petition. Accordingly, petitioner has not shown that he has been unconstitutionally restrained of his liberty on account of his actual innocence and his seventh claim for relief should be dismissed.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: September 22, 2010